White, J.
The filing of the second petition in error in the district court was neither necessary nor proper. The object of the second petition was to reverse the order striking the bill of exceptions from the record. There-was but one case, and one final judgment which it was sought to reverse. Under the first petition in error the-whole record was brought before the court for review, and the power of the court over it was as ample as if the petition in error had not been filed until after the order striking out the bill of exceptions had been made.
For the same reason a single petition in error is all that, is required in this court to review the action of the district court, both in affirming the order of the common pleas- and in dismissing the petition in error.
We are unanimous in the opinion that the court of common pleas erred in ordering the bill of exceptions to be-stricken from the files as no part of the record.
The ground on which the action of the court is sought-to be justified, is that the bill of exceptions was not signed by the judge and filed with the clerk during the trial term...
The date of filing with the clerk is shown by his indorsement on the bill. The time of affixing the signature-of the judge is sought to be proved by the testimony of witnesses.
The journal of the court shows an entry in the cause at the trial term, from which it appears that on the defendant’s motion the- bill of exceptions was signed by the court,, and ordered to be made part of the record in the cause:
On the hearing of the motion there was nothing to show that this entry was not made under the direction of the-court, with the knowledge and consent of the parties. The motion, in so far as it sought the setting aside or modification of the entry, was overruled, thus leaving the entry in full force. While the entry stood, it was conclusive upon the parties. Doe ex dem. Irvine v. Brown, 6 Ohio St. 12.
If such an entry should be put upon the journal surreptitiously, it ought to be set aside. The perfecting of a bill *107 of exceptions is a matter which concerns both parties, and both ought to have the opportunity of examining it, if desired, before it is finally settled.
But where parties have consented to a journal entry during the term showing that the bill was duly perfected, they will be estopped from afterward showing that the entry is untrue.
It is, however, contended that the journal entry does not show that the bill of exceptions was filed during the term, and it is claimed to be indispensable that it should have been so filed.
We do not think so. If the bill is perfected in all other respects, the mere omission to file it with the clerk during the term will not invalidate it. When duly perfected and ordered to be made part of the record, it is, in law, to be regarded as part of the record, whether it comes into the actual possession of the clerk during the term or not.
Leave is granted to file the petition asking the reversal of the judgment of the district court dismissing the petition in error. That judgment is reversed, as well as the' judgment affirming the order of the court of common pleas, and the cause is remanded for hearing on the errors assigned on the bill of exceptions.
Leave to file the second petition in error is refused.